**BAUER-SMITH DREDGING CO., Inc.,**
v.
**UNITED STATES.**
No. 250-59.

United States Court of Claims.
Dec. 1, 1960.

T. G. Schirmeyer, Houston, Tex., for plaintiff.

Clare E. Walker, New York City, with whom was George Cochran Doub, Asst. Atty. Gen., Melford O. Cleveland, Wilton, Ala., on the brief, for defendant.

WHITAKER, Judge.

Plaintiff had a contract with defendant to dredge a portion of the Gulf Intracoastal Waterway in Jefferson, Chambers, and Galveston Counties, Texas. The contract and specifications designated certain areas in which to deposit the spoil from the dredging. After the contract had been completed and accepted by defendant, certain landowners filed suit against plaintiff in the District Court of Jefferson County, Texas, alleging that plaintiff was negligent in its disposition of the spoil, to their damage. They alleged that plaintiff had deposited material in places not designated in the contract and also that it had allowed the spoil deposited in the designated areas to spill over into undesignated areas. They recovered a judgment against plaintiff herein for some sixty-odd thousand dollars. Plaintiff sues for reimbursement of said sum and for its cost of defending the suit.

Plaintiff was not the agent of the defendant in the performance of the work; it was an independent contractor. Plaintiff was required to furnish the necessary materials and to perform the dredging as set forth in the specifications. The Government exercised only such supervision over the performance of the work as was necessary to insure that it complied with the contract and specifications; otherwise plaintiff was at liberty to perform the work in any manner it saw fit. The Gov-

ernment was not interested in the method of performance, but only in the results required. Under such facts plaintiff was an independent contractor. See Restatement of the Law of Agency, section 438, comment i. Therefore, if plaintiff was negligent in the way it did the work required, there could be no obligation on the part of the Government to reimburse it for damages suffered as a result of its negligent performance of the contract.

Had plaintiff been defendant's agent in doing the work, the Government might be liable to reimburse the agent, if the agent had damaged the property of another in carrying out the instructions of the Government; but where the method of performing the work is left to the discretion of an independent contractor, there can be no such liability.

Moreover, whatever the legal relationship between plaintiff and defendant, the contract between them expressly provided—

> "11. *Permits and responsibility for work.* The contractor shall, without additional expense to the Government, obtain all required licenses and permits, and be responsible for all damages to persons or property that occur as a result of his fault or negligence in connection with the prosecution of the work, and shall be responsible for all materials delivered and work performed until completion and final acceptance except for any completed unit thereof which may theretofore have been finally accepted."

The District Court held the plaintiff negligent in the performance of the work and therefore responsible for the damage caused certain persons on account thereof, and this was affirmed by the Court of Civil Appeals.[1] Under section 11 of the contract set out above, it is made responsible for such damages.

A large part, if not all, of the damage done by the plaintiff was the result of allowing the spoil, or drainage therefrom, to get into a canal leading into a fresh-water reservoir which landowners in the vicinity used for the irrigation of their crops. The spoil was permeated by salt water and this salt water contaminated the fresh water in the reservoir and damaged the crops. The specifications relating to the disposal of excavated material read, in part—

> "The contractor shall take such precautions, including construction of new levees and/or repair or raising of old levees, if deemed necessary to prevent spoil or waste water from flowing beyond the limits of the spoil disposal areas. All existing drainage outlets, both natural and artificial, shall be protected so that drainage will not be obstructed. If any material should enter a drainage outlet, it shall be promptly removed by the contractor at his expense. No material shall be allowed to enter any existing slip or small boat basin." [Specifications par. TP–3]

The fact that spoil or waste water flowed beyond the limits of the spoil disposal areas was one of the principal causes of damage suffered by the property owners in the vicinity. Other damage was caused, according to the findings of the Texas court, by the intentional act of the plaintiff in discharging spoil into the canal leading to the reservoir. This canal was not only not within the areas designated for the deposit of spoil but it was an area which the contractor was directed to protect against encroachment by the spoil or waste water.

There is, of course, no basis whatever for plaintiff's allegation that the defendant by acceptance of the work performed by plaintiff thereby assumed responsibility for any acts of negligence by it resulting in damage to others.

Plaintiff does not claim that the contamination of the water in the reservoir was a necessary incident to the deposit of the spoil in the designated areas. Such a claim, of course, would be untenable in view of the article of the specifications set out above and also in view of the finding

1. See Bauer-Smith Dredging Co. v. Tully, 305 S.W.2d 805.

of the Texas courts that the damage was the proximate result of plaintiff's negligence. Plaintiff's whole case is predicated on the judgment of the Texas courts and, hence, we treat the decision of the Court of Civil Appeals as final.

We find no basis upon which plaintiff can maintain an action against defendant. Therefore, its motion for summary judgment must be denied, the defendant's motion must be granted, and the plaintiff's petition must be dismissed.

It is so ordered.

JONES, Chief Judge, and DURFEE, LARAMORE, and MADDEN, Judges, concur.